UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID R. NEAL,

Petitioner,

v.                                                    CAUSE NO.: 3:18-CV-391-JD-MGG

WARDEN,

Respondent.

## OPINION AND ORDER

David R. Neal, a prisoner without a lawyer, filed an amended habeas corpus

petition challenging the disciplinary proceeding (WCF 18-1-546) at the Westville

Correctional Facility in which Neal pled guilty before a disciplinary hearing officer

(DHO) to a charge of habitually violating rules in violation of Indiana Department of

Correction Offense B-200. Following a disciplinary hearing, Neal was sanctioned with a

loss of sixty days earned credit time and a demotion in credit class.

Neal argues that he is entitled to habeas relief because there was insufficient

evidence to support his guilty plea.

> [T]he findings of a prison disciplinary board [need only] have the
> support of some evidence in the record. This is a lenient standard,
> requiring no more than a modicum of evidence. Even meager proof will
> suffice, so long as the record is not so devoid of evidence that the findings
> of the disciplinary board were without support or otherwise arbitrary.
> Although some evidence is not much, it still must point to the accused's
> guilt. It is not our province to assess the comparative weight of the
> evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Under departmental regulations, Offense B-200 is defined as "being found or pleading guilty to five (5) unrelated Class C Conduct Offenses in a period of six (6) months or less." Indiana Department of Correction, Adult Disciplinary Process, http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The administrative record includes a conduct report, which states that, in December 2017 and January 2018, Neal was sanctioned for four counts of insolence in violation of Offense C-348 and one count of unauthorized use of mail in violation of C-361. Neal's conduct violation history suggests that he was a habitual rule violator and thus constitutes some evidence. Therefore, the claim that there was insufficient evidence to support a guilty plea is not a basis for habeas relief.

Neal also argues that he is entitled to habeas relief because correctional staff tricked him into pleading guilty. He explains that correctional staff asked him about his plea for the habitual rule violator charge shortly after he woke up at 7:00 a.m. and that he was under the impression that he was pleading guilty to a charge of insolence. While the full panoply of the rights afforded to criminal defendants do not apply to prison disciplinary proceedings, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), "[w]aivers of constitutional rights must be knowing and voluntary." *United States v. Van Waeyenberghe*, 481 F.3d 951, 957 (7th Cir. 2007). "[T]he 'knowing and voluntary' inquiry . . . is to determine whether the defendant actually does understand the significance and consequences of a particular decision and whether the decision is uncoerced." *Jean-Paul v. Douma*, 809 F.3d 354, 358 (7th Cir. 2015).

The administrative record indicates that Neal was presented with the conduct report, which explained the nature and factual basis of the habitual rule violator charge. It also indicates that Neal was presented with a screening report, which warned him that a guilty plea would result in the waiver of the listed procedural rights and could result in the imposition of sanctions in accordance with departmental policy. Though Neal may have been confronted with the guilty plea decision shortly after waking up, he does not contest that correctional staff provided him with the conduct report and the screening report or that he willingly signed the screening report. With this signature, Neal affirmed that he received notice of the charge and pled guilty to it. Additionally, given the five preceding disciplinary violations, Neal was necessarily familiar with the disciplinary process and generally aware of a what a guilty plea entailed. Furthermore, even if this guilty plea was invalid, this would constitute harmless error. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (applying harmless error analysis to prison disciplinary proceedings); *Vaughn v. Superintendent*, 2017 WL 5130198, at *2 (S.D. Ind. 2017) (same). The habitual violator charge relied solely on Neal's conduct history, and he could not have meaningfully disputed this charge at a hearing. Therefore, the claim that his guilty plea is invalid is not a basis for habeas relief.

Neal further argues that he is entitled to habeas relief because he did not commit the unauthorized use of mail in violation of Offense 361, which was used an underlying charge for the habitual rule violator charge. The unauthorized use of mail charge is supported by a conduct report stating that Neal wrote a racial slur directed at a physician on a form and placed it in the urgent care mailbox. The conduct report

suggests that he used the internal mail system in an unauthorized manner and thus constitutes some evidence.

Nevertheless, Neal maintains that the Offense 361 concerns the United States Postal Service mail system rather than the facility's internal mail system. However, it is unclear why the word "mail" in the context of a prison disciplinary policy would not encompass both external and internal mail systems, and Neal offers no legal authority or evidentiary support for his narrow interpretation. Moreover, the administrative record includes a screening report with Neal's guilty plea and signature, which equates to an admission that he committed this offense, and there is no basis to question the validity of this guilty plea. *See United States v. Broce*, 488 U.S. 563, 570 (1989) ("A guilty plea is more than a confession which admits that the accused did various acts. It is an admission that he committed the crime charged against him."). Finally, habeas petitioners are generally required to pursue all available administrative remedies for each claim to obtain relief in federal court. *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). As a result, even if Neal's argument had merit, the court could not grant habeas relief because there is no indication that he raised the argument in an administrative appeal. Therefore, Neal's concerns with the unauthorized use of mail violation are not a basis for habeas relief.

Because Neal has not presented a valid basis for habeas relief, the petition is denied. If Neal wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma

pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the amended habeas petition (ECF 4);

(2) DIRECTS the clerk to enter judgment and to close this case; and

(3) DENIES David R. Neal leave to proceed in forma pauperis on appeal.

SO ORDERED on May 17, 2019

_____/s/ JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT